IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>CALVIN ANDREW ASHWORTH,<br><br>Defendant. | NO. CR 09-02173-TUC-FRZ(BPV)<br><br>**REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION TO SUPPRESS** |

On September 6, 2009, Defendant Calvin Andrew Ashworth was arrested for possession of marijuana. The Defendant was indicted on September 30, 2009 [Doc. 6]. On December 14, 2009, Defendant filed a Motion to Suppress (Unlawful Vehicle Stop - Lack of Reasonable Suspicion [Doc. 12]. The Government filed its Response [Doc. 16] on December 24, 2009.

The matter came on for Evidentiary Hearing before the Court on January 5, 2010. The Government called as witnesses U.S. Border Patrol Agents Eric Michael Lopez and Joe James Russell. The defense called no witnesses.

The Court, having considered the briefing, arguments, and evidence presented, recommends that the District Judge, after his independent review and consideration, enter an order **GRANTING** Defendant's Motion to Suppress [Doc. 12].

**FACTS**

On September 6, 2009, U.S. Border Patrol Agent Eric Michael Lopez was on duty on I-10 west of Benson. To the east of Lopez's position, there were at least three roads that can

1 lead one to the U.S./Mexico border. The Safford road north of I-10 was described as lightly
2 used by Agent Lopez. It should be noted that the road to Safford has been turned into a
3 divided highway with two lanes going in each direction.

4 Agent Lopez was positioned at Milepost 301 on Interstate 10 (I-10) because I-10 is
5 considered an area where illegal activity occurs since it leads to Phoenix, which is a well-
6 known hub for illegal aliens and narcotics smugglers.

7 On this particular day, it was cloudy and raining. Due to this weather condition,
8 Agent Lopez knew that checkpoints on State Routes 80, 90, and 191 would be closed for
9 safety reasons. Agent Lopez believes smugglers take advantage of the downed checkpoints
10 to run their illegal cargo.

11 Agent Lopez was driving an unmarked 2005 Ford F-150 Quad-Cab with a tonneau
12 cover over the truck bed. Agent Lopez observed approaching vehicles. It is his practice
13 when he observes vehicles to see how a driver is positioned in the vehicle and if the vehicle
14 appears loaded or empty. At 10:00 a.m., Agent Lopez observed a driver sitting closer to the
15 steering wheel than drivers normally sit. From this, he surmised that there might be illegal
16 aliens behind the driver's seat. He also noted that the vehicle appeared to be loaded. The
17 Defendant's vehicle was the same year and make as Agent Lopez's vehicle, but a different
18 model. The Defendant's truck also had a tonneau cover, but the hasps that secured the cover
19 appeared to be cheap luggage locks.

20 Agent Lopez decided to follow the Defendant for further observation. Lopez and the
21 Defendant were in different lanes, the Defendant being in the slow lane. Agent Lopez
22 proceeded to speed up and place himself alongside the Defendant and his vehicle. Agent
23 Lopez, who is 5'5", observed that the Defendant was taller because his head was closer to
24 the cab's ceiling.

25 Agent Lopez began to accelerate and decelerate to observe the driver's reactions.
26 When the two vehicles were side by side, the Defendant would not look at the agent.
27 However, Lopez observed that the Defendant did look at him through the rearview mirror
28 when Lopez was behind and to the left of Defendant. The Defendant appeared to be nervous

during the time Lopez was catching up and falling back.

Agent Lopez also noticed that the Defendant appeared to be mumbling. This suggested to Lopez that the Defendant had aliens hidden in the cab.

Agent Lopez also noted that the Defendant's cab had a rosary hanging from the rearview mirror and a stuffed animal with a Mexican flag on the dash. This caused Agent Lopez to recall that Hispanics are religious and often use religious articles in the hopes that they will have safe passage during their illegal activities.

Agent Lopez was bothered by the fact that the Defendant's truck had cheap locks. If someone has valuable items in their truck, Lopez assumes they would use heavier-duty locks.

Agent Lopez observed the vehicle to have an Alpha plate, which meant to him that the vehicle was recently registered and that, in his opinion, is consistent with smuggling.

Agent Lopez also saw the Defendant use his cell phone. This led him to believe the Defendant was either calling a scout vehicle or the load's owner or was seeking guidance. Lopez made the decision to initiate a stop. The Defendant pulled over and stopped his vehicle. Lopez testified that the Defendant was six feet tall or more, weighed at least 200 pounds, and did not appear to be Hispanic. The stop occurred five miles after Lopez first saw the Defendant.

As a result of the seizure, Lopez found 267 kilograms of marijuana.

## **DISCUSSION**

Agent Lopez testified about observing many of the Defendant's innocuous behaviors. Due to those observations and the fact that it was raining, the checkpoints were down, and the Defendant (without any evidence) had come from the border, Lopez concluded that the Defendant was engaged in illegal activity.

The Defendant was not engaged in any illegal activity related to his driving. There was nothing suspicious about a truck with a load. The Court finds it incredible that Catholics pray to the Lord that He help them successfully engage in illegal activity. This Court suspects that these religious items are cultural, rather than religious.

After reviewing the evidence and considering a totality of the circumstances, this Court concludes that Agent Lopez let his mind run wild and made an unlawful seizure of the Defendant's vehicle.

**CONCLUSION**

It is the recommendation of this Court that the District Judge, after his independent review and consideration, enter an Order **GRANTING** Defendant's Motion to Suppress [Doc. 12].

Pursuant to 28 U.S.C. §636(b)(1)(B), the parties have fourteen (14) days from the date of this Report and Recommendation to file written objections to these findings and recommendations with the District Court. Any objections filed should be filed as CR 09-02173-TUC-FRZ.

DATED this 29th day of April, 2010.

_____
Bernardo P. Velasco
United States Magistrate Judge